VERONICA M. AGUILAR, ESQ. (SBN 153288)
**LAW OFFICES OF VERONICA M. AGUILAR**
16870 West Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone:  (858) 674.6945
veronica@vaguilarlaw.com

Attorney for Plaintiff,
**DONOVAN J. FOSTER**

# THE UNITED STATES DISTRICT COURT IN AND FOR
# THE CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| DONOVAN J. FOSTER, an Individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR NEGLIGENCE** |
| v. | |
| The United States of America, the Department of Veteran Affairs, an agency of the United States of America, and Secretary Denis McDonough, an individual. | |
| Defendant(s). | |

## I. INTRODUCTION

1.     This is an action for The United States of America, including Dennis McDonough and the Department of Veterans Affairs, an Agency of the United States of America (Hereby knows as "DEFENDANTS") under the Federal Tort Claims Act, (28. U.S.C. §2671, et seq) and 28 U.S.C.§1346(b)(1), for Negligence.

2. The claims herein are brought forth against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq..) and 28 U.S.C. §1346(b)(1) for money damages as compensation for personal injuries caused by Defendants' negligence.

3. Defendants waived sovereign immunity under the Federal Torts Claims Act because Plaintiff fully complied with the requirements of 28 U.S.C 2675, *Standard Form 95 attached as* **EXHIBIT "1,"** and fully incorporated herein as though fully set forth throughout.

4. This suit was timely filed, in that Plaintiff timely served notice of his claim less than two years after the incident forming the basis of the instant lawsuit and within the Six (6) months required pursuant to Section 2401(b), Title 28 United States Code, as was stated in Plaintiff's September 21, 2021, denial of "Request for Reconsideration correspondence," attached hereto as **EXHIBIT "2,"** and fully incorporated herein as though fully set forth throughout.

///

///

///

///

///

///

///

///

## II. PARTIES

5. Plaintiff, Donovan J. Foster at all times relevant hereto, was a resident of Los Angeles County, State of California. Plaintiff is also a "veteran"[1] of the "Armed Forces"[2] who served in the U.S. Army for One year and two months of honorable service.

6. Defendant Dennis McDonough is presently, or was at the time of filing this complaint, the Secretary of Veterans Affairs, or the United States of America.

7. Defendant Department of Veterans Affairs is a Federal Agency of the United States of America.

8. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff were employed by and acting on behalf of Defendants. Furthermore, these Defendants, and each of them, are responsible for the negligent acts of their employees and agents under Respondent Superior.

## III. JURISDICTION

9. Jurisdiction is proper under 28 U.S.C. §1346(b)(1) because Defendant is the United States of America or one of its applicable agencies. Further, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and this action arises under The Federal Tort Claims Act, 28 U.S.C. §1346(b), 2671-2680.

---

[1] *See* 38 U.S.C. 101(2), Veteran means "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable.
[2] Armed Forces means the United States Army, Navy, Marine Corps Air Force, and Coast Guard, including the reserve components thereof

10.	The claims herein are brought against the United State of America pursuant to the Federal Torts Claims Act for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts of employees of the United States Government while acting within the scope and course of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California.

11.	Plaintiff has therefore exhausted all administrative remedies.

12.	This Court has jurisdiction, based on the Federal Tort Claims Act, a federal statute that permits private parties to sue the United States in a Federal court for torts committed by persons acting on behalf of the United States once all administrative remedies have been exhausted.

## IV. VENUE

13.	Venue is also proper under 28 U.S.C. §1391(e) and 28 U.S.C. §1402(b). Plaintiff resides and continues to reside in Los Angeles County, a county within the Central District of California and thus is a resident of the Central District of California.

///

///

///

///

///

## V. FACTUAL ALLEGATIONS

14. As stated herein, Plaintiff is a U.S. Army Veteran who served honorably for One year and two months. Plaintiff is a "Beneficiary[3], Claimant[4], and Eligible Person[5]," and as such is entitled to receive all "examinations, treatment, or care," as prescribed under U.S.C. § 111. Plaintiff is also eligible for "examinations, treatment, or care," as prescribed under the "Medical Benefits Package" 38 C.F.R. § 17.38, which includes but, is not limited to "Basic and Preventive Care" and "Reimbursement Travel," pursuant to the provisions of both 38 U.S.C. § 111 et seq. and 38 C.F.SR. § 70 et seq., and VA Regulatory policies and procedures. All benefits and entitlements are to be obtained from the Department of Veterans' Affairs.

15. In October 2009, Plaintiff submitted to the Department of Veterans Affairs, a Veteran's Application for compensation and/or pension, VA Form 21, -526. Per the Department of Veterans Affairs decision dated May 14, 2010, Plaintiff' was denied because his service department records and/or treatment records were completely unavailable and nowhere to be found.

///

///

---

[3] *See* 38 C.F.R. § 70.2 Beneficiary means "a person determined eligible for VHA Benefits."
[4] *See* 38 C.F.R. § 70.2, Claimant means "a veteran who received services (or his/her guardian) or the hospital, clinic, or community resource that provided the services, or the person other than the veteran who paid for the services."
[5] *See* 38 C.F.R. § 70.10.

16. In or about November 26, 2019, Plaintiff was informed by the Department of Veterans Affairs in writing that his service department records had been lost and/or mislabeled. This flagrant negligent act by the Defendants caused infinite and endless harm and personal injury to Plaintiff.

17. The denial of the claim decision by Defendants, dated May 14, 2010, precluded Plaintiff from receiving necessary and needed mental health treatment from the Department of Veterans Affairs facilities. In addition, the unavailability of Plaintiff's service department records and/or service treatment records precluded Plaintiff from receiving timely and effective treatment for Plaintiff's later diagnosed Bipolar II Disorder with anxious stress and Post Traumatic Stress ("PTSD).

18. The Department of Veterans Affairs and Plaintiff's private physician, Dr. Amir Ahuja concluded Plaintiff's Bipolar II Disorder with Anxious Distress negatively progressed extensively throughout the approximate ten years between 2009 to 20219, while Plaintiff's service records were unavailable. During that time, Plaintiff was unable to receive medical, psychiatric, and psychological treatment. As a result, Plaintiff's Bipolar II Disorder with Anxious Distress was left untreated and as such, led to permanent and total disability, per the Department of Veterans Affairs.

///

///

///

19. The opinion of the Department of Veterans Affairs physicians and psychiatrists and Plaintiff's personal physician, Dr. Amir Ahuja did, in fact, conclude if the Defendants had not lost, destroyed, or misplaced Plaintiff's service records, he would have received the proper treatment and his condition of Bipolar II Disorder with Anxious Distress would not have exacerbated his disability to a point of one hundred percent (100%) disability. As a result of Defendants' acts and/or omissions and failures to maintain Plaintiff's service records, Plaintiff's 100% disability rating now prevents him from gainful employment.

20. The Department of Veterans Affairs also confirmed the loss of Plaintiff's left index finger was due to dermatophagia that Plaintiff experienced during a manic episode while on active-duty service. Plaintiff was also diagnosed with PTSD and Plaintiff's personal Physician, Dr Amir Ahuja determined Plaintiff's PTSD was service related and connected.

21. As a proximate consequence of Defendants wrongful and negligent conduct, Plaintiff suffered ten (10) year of being undiagnosed as Bipolar II Disorder with Anxious Distress and PTSD. I addition, Plaintiff's loss of his index finger has caused insurmountable pain and suffering.

///

///

///

///

# VI. CAUSES OF ACTION

## COUNT I – NEGLIENCE

22. Plaintiff realleges and reincorporates each and every allegation above, as though fully set forth herein.

23. Defendants: (1) performed acts that a person of ordinary prudence in the same or similar circumstances would not have done; or (2) failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances.

24. The Department of Veterans Affairs admitting in writing via a letter dated November 26, 2019, from the Department of Veterans Affairs that the Department of Veterans Affairs was negligent (negligence being defined as: the existence of a legal duty that Defendant owed to Plaintiff; the Defendants breach of that duty caused Plaintiff to suffer an injury by losing Plaintiff's service department records to include service treatment medical records.

25. The Department of Veterans Affairs employees had a duty to take care not to damage, destroy or lose Plaintiff's service department records and to take steps necessary to ensure the service department records were available for review, production and/or reproduction.

///

///

///

26. By failing to have the service department records available for review, production and/or reproduction, the Department of Veterans Affairs employees failed to exercise the required degree of care and breached the duty of care owed to Plaintiff.

27. As a direct and proximate cause of Defendants' negligence, Plaintiff was unable to receive the proper and promised treatment to him, as an eligible veteran. Namely, Six months before Plaintiff's records were located by Joint Legacy Reviewers in 2019, Plaintiff's private Physician, Dr. Amir Ahuja, diagnosed Plaintiff with untreated Bipolar II Disorder and Dr. Ajuha also concluded Plaintiff suffered from undiagnosed Bipolar II Disorder with Anxious Distress and PTSD.

28. Plaintiff was notified on or about November 25, 2019, that Plaintiff's service treatment records had been characterized as "lost" or "mislabeled." Page Three of the November 25, 2019, under "Reason for Decision" the letter stated as follows:

> "Rating decision dated May 14, 2010, denied issue of depression based on unavailability of Service treatment records. Service treatment records for period of October 10, 2007, to July 23, 2008, were retrieved from Joint Legacy Reviewers in 2019. Rating decision dated April 27, 2019, granted service connection for bipolar disorder based on the date we received a request to reopen your claim. The correct date of Service Connection should have been October 6, 2009, the date the previously disallowed claim was received because the grant is based on lost or mislabeled Service
>
> department records and, the previous disallowed claim was received more than a year following separation from service."

[ *See* VA Letter, page 3 of 8, "Reasons for Decision" dated November 25, 2019, attached hereto as **EXHIBIT "3,"**]

29. As a further direct and proximate result of Defendants' negligence, Plaintiff's Bipolar II Disorder with Anxious Distress and PTSD conditions exacerbated so badly that Plaintiff is now rated 100% disabled. Thus, Plaintiff suffered a loss of enjoyment of his life. Furthermore, Plaintiff lost wages, both past and future, due to his untreated condition rendering him incapable of employment.

## VII. PRAYER FOR RELIEF

30. **WHEREFORE**, Plaintiff, DONOVAN FOSTER does hereby pray Judgment be entered in his favor and against Defendants as follows:

1. Medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life, in an amount to be proven at the time of trial but, beyond this Court's jurisdictional level; and
2. Costs and fees incurred, together with such further relief at law or in equity this Court may deem just and proper.

Respectfully submitted,

DATED: March 14, 2022,    **LAW OFFICES OF VERONICA M. AGUILAR**

_____
Veronica M. Aguilar, Attorney for Plaintiff,
**DONOVAN J. FOSTER**